UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

       Plaintiff,

    v.                                              Case No. 10-C-414

STEPHEN WITKOWSKI and
OFFICER McNICHOLS,

       Defendants.

## ORDER ON DEFENDANTS' RULE 7.4 EXPEDITED NON-DISPOSITIVE MOTION AND AMENDED SCHEDULING ORDER

On January 21, 2011, the defendants in this case filed a Rule 7.4[1] Expedited Non-Dispositive Motion to Compel Discovery. Specifically, the defendants seek the court

> to enter an order compelling the plaintiff, Andre Wingo, to disclose the identity and contact information of witnesses known to plaintiff who have first hand knowledge of the events giving rise to his claim, pertinent information relevant to the defense of this matter, and/or have had subsequent communication with the plaintiff regarding plaintiff's arrest by the defendant police officers on January 22, 2008, the subject matter of the plaintiff's complaint in [this case].

(Mot. at 1.) The plaintiff has not filed any response to the motion. Perhaps he has not done so because he is prohibited by order of the Seventh Circuit Court of Appeals from doing so. More precisely, on August 2, 2007, in the case of *Andre Wingo v. Mark Kluck, Chad Frey, Peg Kendrigan, et al.*, (No. 07-1552), the court of appeals ordered, inter alia, that

> [u]ntil Wingo has paid in full all outstanding fees and any sanctions in all civil actions he has filed, the clerks of all federal courts in this circuit will return unfiled any papers

---

[1] Under the current version of the local rules, the expedited non-dispositive motion is found at Rule 7(h).

submitted either directly o[r] indirectly by or on behalf of Wingo. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin*, 123 F.3d at 436-37 and *Support Systems Int'l v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995) (per curiam).

In any event, the fact remains that the defendants' motion is unopposed and this court can see no reason not to issue the requested order. Thus, the defendants' motion will be granted.

Additionally, the court will adjust the scheduling order to provide time for the parties to fully comply with this order.

**NOW THEREFORE IT IS ORDERED** that the defendants' Non-Dispositive Motion to Compel be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that on or before February 22, 2011, the plaintiff shall serve on the defendants' counsel full and complete answers to Interrogatory numbers 1, 2, 4, 5, 9, and 10;

**IT IS FURTHER ORDERED** that the plaintiff shall pay the defendants' reasonable attorneys' fees expended in bringing this motion;

**IT IS FURTHER ORDERED** that on or before February 22, 2011, the plaintiff shall pay to the defendants the costs for the deposition court reporter in the amount of $611.50;

**IT IS FURTHER ORDERED** that if the plaintiff fails to comply with this order, or any part thereof, this action, upon application from the defendants, will be dismissed;

**IT IS FURTHER ORDERED** that the parties shall complete all discovery in accordance with Civil L.R. 26(c) on or before April 1, 2011;

**IT IS FURTHER ORDERED** that all dispositive motions, together with briefs, are to be filed on or before April 15, 2011;

**IT IS FURTHER ORDERED** that the scheduling conference currently scheduled for February

21, 2011 at 9:00 a.m. is cancelled and reset for April 29, 2011, at 9:00 a.m. in Room 242 of the U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202.  If there are unresolved summary judgment motions at that time, the scheduling conference will be cancelled.

**SO ORDERED** this 7th day of February 2011, at Milwaukee, Wisconsin.

                                          **BY THE COURT:**

                                          s/ William E. Callahan, Jr.
                                          WILLIAM E. CALLAHAN, JR.
                                          United States Magistrate Judge