UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

      Plaintiff,

  v.                                                  Case No. 10-C-414

STEPHEN WITKOWSKI and
OFFICER McNICHOLS,

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

On April 15, 2010, the plaintiff, Andre Wingo, filed a complaint in state court against the defendants alleging violations of his Fourth and Fourteenth Amendment rights. (Compl. ¶¶ 14–15.) The defendants removed the case to federal court on May 13, 2010. The action was assigned to this court and the parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73 (E.D. Wis.).

On January 21, 2011, the defendants filed an expedited non-dispositive motion to compel discovery. They sought an order from the court requiring the plaintiff to "fully and accurately answer defendant[s'] discovery questions and to provide the names and contact information of witnesses." (Defs.' Mot. 2–3.) Additionally the defendants requested that the court order the plaintiff to pay the defendants' reasonable attorneys' fees and the costs of the deposition. (Defs.' Mot. 3.) The plaintiff did not respond to the motion.

On February 7, 2011, the court issued an order requiring the plaintiff to (1) answer the defendants' interrogatory numbers 1, 2, 4, 5, 9 and 10; (2) pay the defendants reasonable attorneys fees for bringing

their motion to compel; and (3) pay the defendants $611.50 for the costs of the deposition court reporter. (Feb. 7, 2011 Order, at 2.) Additionally, the court cautioned the plaintiff that "if the plaintiff fails to comply with this order, or any part thereof, this action, upon application from the defendants, will be dismissed." (Feb. 7, 2011 Order, at 2.)

On March 2, 2011, the defendants filed a motion to dismiss the case due to the plaintiff's failure to comply with the court's February 7, 2011 order. Under Civil L.R. 7(b), the plaintiff's response was due March 23, 2011. However, as of the date of this order, the court has yet to receive his response.

As mentioned in the court's February 7, 2011 order, the plaintiff is subject to an order by the Seventh Circuit that prohibits the plaintiff from filing any papers with the court until all outstanding court fees are paid. *See Andre Wingo v. Mark Kluck, Chad Frey, Peg Kendrigan, et al.*, (No. 07-1552). This may be the reason for the plaintiff's failure to respond to the defendants' motion to dismiss. Whatever the reason, the court finds that the motion is fully briefed and therefore ready for resolution at this time.

Under the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). More specifically, if a party "fails to obey an order to provide or permit discovery," the court may "dismiss[] the action or proceeding in whole or in part" as a sanction for the failing to comply. Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, under Civil L.R. 7(d), "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion."

In the instant case, the defendants brought a motion to dismiss the action after the plaintiff failed to comply with a court order, which fits squarely within the parameters of Fed. R. Civ. P. 41(b) and 37(b)(2)(A)(v) and warrants dismissal. Additionally, because the plaintiff did not respond to the defendants' motion to dismiss, the court has sufficient cause to grant the defendants' motion. Thus, the

2

court will grant the defendants' motion to dismiss the case, without prejudice, due to the plaintiff's failure to comply with the court's February 7, 2011 order and his failure to respond to the defendants' motion.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the action be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 31st day of March 2011, at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge